

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OCT 07 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:14CR124TSL-FKB

BUCK STRATTON FLINN                                   18 U.S.C. § 287
                                                      18 U.S.C. § 1343

**The Grand Jury charges:**

### COUNT 1

On or about October 15, 2009, in Rankin County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **BUCK STRATTON FLINN,** did knowingly make and present to the United States Department of Agricultural Rural Development, a claim for $248,192.00 in funds pursuant to a grant issued to Community Development Leagues of America, Inc., a non-profit organization controlled by the defendant, that is, the defendant, as president of Community Development Leagues of America, Inc., submitted a claim for funds knowing that the claim was false, fictitious, and fraudulent in that the funds being sought were not intended to be used for the purpose set forth in the claim, but rather were intended to be used and were in fact ultimately used by the defendant for his own personal benefit, all in violation of Section 287, Title 18, United States Code.

COUNT 2

On or about June 30, 2011, in Rankin County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **BUCK STRATTON FLINN**, did knowingly make and present to the United States Department of Agricultural Rural Development, a claim for $306,322.00 in funds pursuant to a grant issued to Community Development Leagues of America, Inc., a non-profit organization controlled by the defendant, that is, the defendant, as president of Community Development Leagues of America, Inc., submitted a claim for funds knowing that the claim was false, fictitious, and fraudulent in that the funds being sought were not intended to be used for the purpose set forth in the claim, but rather were intended to be used and were in fact ultimately used by the defendant for his own personal benefit, all in violation of Section 287, Title 18, United States Code.

COUNT 3

On or about July 28, 2011, in Rankin County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **BUCK STRATTON FLINN**, did knowingly make and present to the United States Department of Agricultural Rural Development, a claim for $57,409.00 in funds pursuant to a grant issued to Community Development Leagues of America, Inc., a non-profit organization controlled by the defendant, that is, the defendant, as president of Community Development Leagues of America, Inc., submitted a claim for funds knowing that the claim was false, fictitious, and fraudulent in that the funds being sought were not intended to be used for the purpose set forth in the claim, but rather were intended to be used and were in fact ultimately used by the defendant for his own personal benefit, all in violation of Section 287, Title 18, United States Code.

COUNTS 4 - 6

From on or about October 15, 2009, to on or about December 30, 2011, in Rankin County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **BUCK STRATTON FLINN**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises through the use of wire communications in interstate commerce.

At all relevant times, **BUCK STRATTON FLINN** was the president of a non-profit organization, Community Development Leagues of America, Inc., which obtained a grant through the United States Department of Agricultural Rural Development. It was a part of the scheme and artifice to defraud that defendant **FLINN** would and did submit false and fraudulent claims for grant money, which claims resulted in payments under the terms of the grant awarded to Community Development Leagues of America, Inc., which payments were ultimately used by defendant **FLINN** for his personal enrichment and not for the use for which the payments were claimed under the grant.

For the purpose of executing the aforesaid scheme and artifice to defraud, the defendant, **BUCK STRATTON FLINN**, did knowingly cause to be transmitted, by means of interstate wire communications, multiple electronic funds transfers from the United States Department of Agricultural Rural Development to the account of Community Development Leagues of America, Inc., which was owned and controlled by defendant **FLINN**, which funds were obtained as a result of false and fraudulent claims for grant money, each interstate wire transfer being set forth hereafter, each wire transfer constituting a separate count herein as follows:

3

COUNT 4

On or about January 20, 2010, an interstate Electronic Funds Transfer in the amount of $229,692.00 deposited in to the Community Development Leagues of America, Inc. Regions Bank account in Flowood, Mississippi.

COUNT 5

On or about October 18, 2011, an interstate Electronic Funds Transfer in the amount of $271,243.00 deposited in to the Community Development Leagues of America, Inc. Regions Bank account in Flowood, Mississippi.

COUNT 6

On or about December 30, 2011, an interstate Electronic Funds Transfer in the amount of $47,178.00 deposited in to the Community Development Leagues of America, Inc. Regions Bank account in Flowood, Mississippi.

Counts 4-6 being a violation of Section 1343, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant, **BUCK STRATTON FLINN,** shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.   Further, if any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided

without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any

other property of the defendant, up to the value of the property described in this notice or any bill

of particulars supporting it.

All pursuant to Section 982(a)(2), Title 18, United States Code.


GREGORY K. DAVIS
United States Attorney


A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury


This Indictment was returned in open court by the foreperson or deputy foreperson of the
Grand Jury on this the _____ 7th _____ day of October, 2014.

UNITED STATES MAGISTRATE JUDGE